06-3921-cv
Cover v. American Postal Workers Union

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: (SUMMARY ORDER). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of December, two thousand nine.

PRESENT:
> RALPH K. WINTER,
> REENA RAGGI,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges.*

------------------------------------------------------------

WAYNE COVER,

> *Plaintiff-Appellant,*

v.                                                   No. 06-3921-cv

AMERICAN POSTAL WORKERS UNION-
AFL-CIO,

> *Defendant-Appellee,*

JOHN E. POTTER, Postmaster General,

> *Defendant.*

------------------------------------------------------------

APPEARING FOR APPELLANT:        LEE NUWESRA, Bronx, New York.

APPEARING FOR APPELLEE:         BRENDA C. ZWACK, O'Donnell, Schwartz & Anderson, P.C., Washington, D.C.

Appeal from the United States District Court for the Southern District of New York (Lisa Margaret Smith, *Magistrate Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on July 21, 2006, is AFFIRMED.

Wayne Cover appeals a grant of summary judgment in favor of the American Postal Workers Union (the "Union") on his hybrid claim under the Postal Reorganization Act ("PRA"), see 39 U.S.C. § 1208(b), that (1) the United States Postal Service (the "USPS"), his former employer, disciplined him in violation of a collective bargaining agreement ("CBA"), and (2) the Union breached its duty of fair representation. Summary judgment is proper only if "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). We review an award of summary judgment de novo, "examining the facts in the light most favorable to the non-moving party and resolving all factual ambiguities in that party's favor." Pyke v. Cuomo, 567 F.3d 74, 76 (2d Cir. 2009). In applying this standard, we assume familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.      Mootness

The Union claims that this appeal is moot because Cover has already obtained all of the relief available to him in a separate action for retaliation against the USPS. See Cover v. Potter, No. 05 CIV 7039, 2008 WL 4093043 (S.D.N.Y. Aug. 29, 2008) (denying the USPS's post-trial motions for new trial and judgment as matter of law). To prove mootness,

the Union must show that "it [is] impossible for the court to grant any form of effectual relief." In re Flanagan, 503 F.3d 171, 178 (2d Cir. 2007). This it cannot do.

To be sure, Cover cannot recover twice for the same injury. But where he proved $100,000 in compensatory damages for emotional injuries, and settled with the USPS for a smaller sum, he may at least sue the Union for the balance. See Vaca v. Sipes, 386 U.S. 171, 197 (1967) ("The governing principle [in hybrid cases] . . . is to apportion liability between the employer and the union according to the damage caused by the fault of each."); cf. McDermott, Inc. v. AmClyde, 511 U.S. 202, 208 (1994) ("It is generally agreed that when a plaintiff settles with one of several joint tortfeasors, the nonsettling defendants are entitled to a credit for that settlement."). Thus, without deciding what, if any, further damages might be at issue, we decline to dismiss this appeal as moot.

2.      Duty of Fair Representation

We nevertheless affirm the district court's award of summary judgment. We do so based not on the district court's conclusion that Cover failed to create an issue of material fact as to whether the USPS breached the CBA by issuing him a letter of warning ("LOW") on November 11, 2002, but rather on our own conclusion, upon de novo review, that Cover failed to raise a triable issue of fact with respect to his claim that the Union breached its duty of fair representation in settling his related grievance. See Motorola Credit Corp. v. Uzan, 561 F.3d 123, 127 n.3 (2d Cir. 2009) (noting that court of appeals "may affirm the judgment of the district court on any ground appearing in the record" (internal quotation marks

3

omitted)).

To prevail on this hybrid claim, Cover is required to show both that the USPS breached the CBA and that the Union breached its duty of fair representation. See White v. White Rose Food, 237 F.3d 174, 178 (2d Cir. 2001) (noting that employee asserting hybrid claim under Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, must prevail against both employer and union); Bowen v. U.S. Postal Serv., 459 U.S. 212, 232 & n.2 (1983) (explaining that hybrid actions under PRA are governed by same legal standards governing actions under LMRA) (White, J., concurring in part and dissenting in part). A union breaches the duty of fair representation only when its conduct is "arbitrary, discriminatory, or in bad faith." Air Line Pilots Ass'n, Int'l v. O'Neill, 499 U.S. 65, 67 (1991) (internal quotation marks omitted). A union's actions are "arbitrary" only if they are "so far outside a wide range of reasonableness as to be irrational." Id. (internal quotation marks and citation omitted).

Cover contends that Union representative Louise Yannuzzi acted irrationally by accepting a settlement on his behalf under which expungement of the LOW was conditioned on his not incurring further discipline. Yannuzzi has acknowledged that she would not have done so, had she known that Cover had incurred further discipline already. Before accepting the settlement, however, Yannuzzi checked the USPS's electronic grievance database, following the same procedure she had used for fifteen years without mishap. We cannot agree with the district court that a reasonable trier of fact could describe this approach as

4

irrational. Rather, the evidence demonstrates at most that Yannuzzi was negligent. Such a showing is insufficient to meet the demanding standard described above. See Barr v. United Parcel Serv., Inc., 868 F.2d 36, 43 (2d Cir. 1989) ("Tactical errors are insufficient to show a breach of the duty of fair representation; even negligence on the union's part does not give rise to a breach.").

As for Cover's contention that the Union breached its duty of fair representation by misrepresenting to him that the LOW had been expunged, although we have concluded that a union breached its duty where its president "willfully conceal[ed]" an agreement with the employer from union members, Lewis v. Tuscan Dairy Farms, Inc., 25 F.3d 1138, 1142 (2d Cir. 1994), Cover has adduced no evidence that any Union representative intentionally misled him, much less that any such conduct "seriously undermine[d] the arbitral process," Barr v. United Parcel Serv., Inc., 868 F.2d at 43. Thus, we affirm the district court's grant of summary judgment in favor of the Union on Cover's breach of fair representation claim.

We have considered Cover's other arguments on appeal, and we conclude that they are without merit. Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

By:_____